UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JAY GUSLER,

                      Plaintiff,

               -against-

CITY OF LONG BEACH, LONG BEACH
VOLUNTEER FIRE DEPARTMENT,
CHARLES THEOFAN, LISA HIRSCH,
COREY KLEIN, ROBERT AGOSTISI,
MARCO PASSARO, JOHN GARGAN,
SCOTT KEMINS, STEPHEN FRASER,
JOHN MCLAUGHLIN, MICHAEL GELBERG
and TIMOTHY RADIN, all in their individual and
official capacities,

                    Defendants.
-------------------------------------------------------------X

ORDER
10-cv-2077(SJF)(AKT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 30 2011 ★

LONG ISLAND OFFICE

FEUERSTEIN, United States District Judge:

*Pro se* plaintiff Jay Gusler ("plaintiff") commenced this action pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1986 against defendants City of Long Beach ("the City"), the Long Beach Volunteer Fire Department ("LBVFD"), Charles Theofan ("Theofan"), Lisa Hirsch ("Hirsch"), Corey Klein ("Klein"), Robert Agostisi ("Agostisi"), Marco Passaro ("Passaro"), John Gargan ("Gargan"), Scott Kemins ("Kemins"), Stephen Fraser ("Fraser"), John McLaughlin ("McLaughlin"), Michael Gelberg ("Gelberg") and Timothy Radin ("Radin"), all in their individual and official capacities, (collectively, "defendants")[1], alleging violations of his First and Fourteenth Amendment rights, as well as state law claims. By electronic order entered

---

[1] Although plaintiff also named the Long Beach Police Department and Garret Rooney as defendants in the complaint, he subsequently withdrew his claims against those defendants. The Clerk of the Court is directed to amend the caption of this action accordingly.

1

February 24, 2011, defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was referred to United States Magistrate Judge A. Kathleen Tomlinson for a report and recommendation pursuant to 28 U.S.C. § 636(b). By Report and Recommendation dated August 15, 2011 ("the Report"), Magistrate Judge Tomlinson recommended: (1) that the branches of defendants' motion seeking dismissal of plaintiff's second (First Amendment (freedom of association) retaliation claim), fourth (equal protection claim), fifth (Section 1985 conspiracy claim) and sixth (Section 1986 claim) causes of action be granted and those causes of action be dismissed in their entirety; (2) that the branch of defendants' motion seeking dismissal of the Section 1983 claims against defendants Hirsch, Klein, Agostisi, Kemins, Fraser, McLaughlin, Gelberg and Radin be granted and the Section 1983 claims against those defendants be dismissed in their entirety without prejudice; (3) that the branch of defendants' motion seeking dismissal of so much of the first cause of action (First Amendment (freedom of speech) retaliation claim) as is based upon plaintiff's 2008 statements in opposition to the seizure of the UFA's computer and at the November 2008 Fire Board meeting[2], the 2008 Christmas staffing controversy and plaintiff's workplace violence and DOL complaints be granted and that so much of the first cause of action as is based upon such unprotected speech be dismissed; (4) that the branch of defendants' motion seeking dismissal of so much of the third cause of action (First Amendment (right to petition) retaliation claim) as is based upon the March 2009 settlement offer and the workplace violence and DOL complaints be granted and that so much of the third cause of action as is based upon such acts be dismissed; (5) that defendants' motion otherwise be denied; and (6) that plaintiff be granted leave to amend his complaint (a) to

---

[2] Plaintiff concedes that those statements are not protected speech. (Plf. Obj., at 3-4).

2

re-plead his second cause of action and Section 1983 claims against Hirsch, Klein, Agostisi, Kemins, Fraser, McLaughlin, Gelberg and Radin and (b) to plead additional retaliatory acts with respect to his third cause of action.

Pending before the Court are: (1) plaintiff's objections to so much of the Report as recommends dismissing his first cause of action in part and his fourth, fifth and sixth causes of action with prejudice; and (2) defendants' objections to so much of the Report as recommends (a) denying the branches of their motion seeking dismissal of plaintiff's first and third causes of action in their entirety and the claims against the individual defendants based upon the defense of qualified immunity and (b) granting plaintiff leave to amend his complaint. For the reasons stated herein, Magistrate Judge Tomlinson's Report is modified as set forth below and, as modified, is otherwise accepted in its entirety.

I

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Johnson

v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II

A. Plaintiff's Objections

Plaintiff contends that Magistrate Judge Tomlinson erred, *inter alia*: (1) in "sidestep[ping] a determination," (Plf. Obj., at 4), on whether his December 15, 2008 letter to Theofan relating to the 2008 Christmas Eve staffing controversy constituted protected speech because that letter did not only address a staffing issue, but also (a) challenged Theofan's "illegal" suggestion to allow an acting-lieutenant to work in a supervisory position without the mandatory training required by New York State law, which posed a threat to public safety and welfare, (Plf. Obj., at 4-5), and (b) challenged the conduct of McLaughlin, a City councilperson, in "asserting himself into [a] mundane staffing matter," (Plf. Obj., at 7), thereby "undermin[ing] the para-military structure of the [Long Beach Fire Department] * * * [and] jeopardiz[ing] [the] smooth and undisturbed operation [of its chain of command]," (Plf. Obj., at 7-8); (2) in "sidestepp[ing] making a determination on the protected/unprotected status of [his] expressions concerning workplace violence," (Plf. Obj., at 8-11); and (3) in analyzing his equal protection claim as a "class-of-one" claim, since he is a member of a discernable class, i.e., "a 'professional' firefighter," (Plf. Obj., at 12). Plaintiff also requests that any dismissal of his equal protection,

4

Section 1985 and Section 1986 claims be without prejudice[3] so that he may re-plead those claims following discovery.

Upon *de novo* review of the Report and consideration of plaintiff's objections thereto, plaintiff's objections are overruled, although plaintiff is granted leave to amend his first cause of action (First Amendment (freedom of speech) retaliation claim) to re-plead a claim based upon the December 15, 2008 letter to Theofan.[4] Accordingly, I accept so much of the Report as recommends: (1) (a) granting in part the branches of defendants' motion seeking dismissal of plaintiff's first and third causes of actions, (b) dismissing so much of plaintiff's first cause of action as is based upon plaintiff's 2008 statements in opposition to the seizure of the UFA's computer and at the November 2008 Fire Board meeting, his statements about the 2008 Christmas staffing controversy and his workplace violence and DOL complaints with prejudice, (c) dismissing so much of plaintiff's first cause of action as is based upon his December 15, 2008 letter to Theofan, except that the dismissal of this claim is without prejudice, and (d) dismissing so much of plaintiff's third cause of action as is based upon the March 2009 settlement offer and the workplace violence and DOL complaints with prejudice; (2) granting the branches of defendants' motion seeking dismissal of plaintiff's second cause of action and Section 1983 claims against Hirsch, Klein, Agostisi, Kemins, Fraser, McLaughlin, Gelberg and Radin in their

---

[3] Although plaintiff requests that the dismissals be "with prejudice," (Plf. Obj., pp. 13-14), it is clear from the context of his requests that he seeks any dismissal to be without prejudice.

[4] The complaint alleges only that the December 15, 2008 letter "criticized Theofan's handling of [the Christmas Eve staffing issue] * * * [and] the un-denied intrusion of defendant McLaughlin into the arena of management." (Compl., ¶¶ 219-220). Plaintiff's conclusory allegation that he wrote that letter as a private citizen and resident taxpayer are insufficient to raise those criticisms to the level of public concern.

entirety and dismissing plaintiff's second cause of action and Section 1983 claims against Hirsch, Klein, Agostisi, Kemins, Fraser, McLaughlin, Gelberg and Radin without prejudice; and (3) granting the branches of defendants' motion seeking dismissal of plaintiff's fourth, fifth and sixth causes of action and dismissing plaintiff's fourth, fifth and sixth causes of action with prejudice. Plaintiff must file any amended complaint in accordance with the Report and this Order **within thirty (30) days after this Order is served with notice of entry upon him,** or all of the claims dismissed by this Order will be deemed dismissed with prejudice.

B.  Defendants' Objections

Defendants contend that Magistrate Judge Tomlinson erred, *inter alia*: (1) in interpreting plaintiff's first through fourth causes of action to be asserted against all defendants, (Def. Obj., at 3 n. 1); (2) in finding that certain categories of plaintiff's speech were protected under the First Amendment since "regardless of whether any of [his] statements may have been of 'public concern,' their publication in Plaintiff's capacity as a uniformed firefighter precludes their constituting protected speech," (Def. Obj., at 8); (3) in finding that plaintiff suffered an adverse employment decision relating to his speech regarding overtime staffing, (Def. Obj., at 14-16); (4) in finding a causal connection between plaintiff's speech and any adverse employment action, (Def. Obj., at 16-19); (4) "in allowing any portion of [the third] cause of action to survive * * * [because] [i]t is shear [sic] speculation to read into the amorphous cause of action * * * viable complaints regarding public concern and retaliation in response to those complaints. It is more then [sic] giving a favorable inference to Plaintiff, and is almost to [sic] guiding Plaintiff to state a cause of action * * * [and] it is somewhat of a stretch to conclude that Plaintiff's Third Cause

6

of Action includes complaints of retaliation for filing anything other than the [workplace violence] and/or DOL complaints based on the Complaint itself," (Def. Obj., at 19); (5) in denying the defense of qualified immunity to Theofan, Passaro and Gargan because none of their conduct violated plaintiff's free speech rights and, in any event, their conduct was objectively reasonable, (Def. Obj., at 21-), insofar as, *inter alia*, "Theofan had abundant cause to remove Plaintiff from his XO position and discipline him for his insubordination and outrageous disruption of the [Long Beach Fire] Department," (Def. Obj., at 23), and plaintiff does not allege that "Gargan participated in the active deprivation of any clearly established right enjoyed by Plaintiff," (Def. Obj., at 23); and (6) in recommending that plaintiff be granted leave to amend his complaint since if he "cannot properly plead his claims in a ninety-page (90) [sic] Complaint, he surely should not be given the leeway to make another pointless attempt," (Def. Obj., at 25).

Upon *de novo* review of the Report and consideration of defendants' objections thereto, defendants' objections are overruled. Accordingly, so much of the Report as recommends: (1) denying (a) in part the branches of defendants' motion seeking dismissal of plaintiff's first and third causes of action and (b) the branch of defendants' motion seeking dismissal of the claims against the individual defendants based upon the defense of qualified immunity and (2) granting plaintiff leave to amend his complaint, is accepted in its entirety, with the exception that Magistrate Judge Tomlinson's qualified immunity analysis is modified solely to correct the procedural standard for dismissal set forth on pages forty-nine (49) to fifty (50) of the Report ("* * * [A]s with all Rule 12(b)(6) motions, the motion may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.") While Magistrate Judge Tomlinson correctly found that a defendant presenting a

7

qualified immunity defense on a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure must show both that the basis for the defense appears in the facts alleged on the face of the complaint and that the procedural standard for dismissal under Rule 12(b)(6) has been met, see McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004), the correct procedural standard for dismissal under Rule 12(b)(6), as noted earlier by Magistrate Judge Tomlinson on page 18 of the Report, is a showing that the plaintiff failed to plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (applying facial plausibility standard to Rule 12(b)(6) motion based upon qualified immunity defense). Nonetheless, since Magistrate Judge Tomlinson rejected defendants' qualified immunity defense, in part, because plaintiff adequately pled a First Amendment claim against Theofan, Gargan and Passaro, the erroneous standard set forth in the Report does not affect the remainder of her qualified immunity analysis, which is otherwise accepted in its entirety.

II.  Conclusion

Upon *de novo* review of the Report, the parties' respective objections are overruled and the Report is accepted in its entirety, as modified by this Order. Accordingly: (1) the branch of defendants' motion seeking dismissal of plaintiff's first cause of action (a) is granted to the extent that (i) so much of plaintiff's first cause of action as is based upon plaintiff's 2008 statements in opposition to the seizure of the UFA's computer and at the November 2008 Fire Board meeting, his statements about the 2008 Christmas staffing controversy and his workplace

violence and DOL complaints is dismissed with prejudice and (ii) so much of plaintiff's first cause of action as is based upon his December 15, 2008 letter to Theofan is dismissed without prejudice, and (b) is otherwise denied; (2) the branches of defendants' motion seeking dismissal of plaintiff's second cause of action and Section 1983 claims against Hirsch, Klein, Agostisi, Kemins, Fraser, McLaughlin, Gelberg and Radin are granted and plaintiff's second cause of action and Section 1983 claims against Hirsch, Klein, Agostisi, Kemins, Fraser, McLaughlin, Gelberg and Radin are dismissed without prejudice; (3) the branch of defendants' motion seeking dismissal of plaintiff's third cause of action (a) is granted to the extent that so much of plaintiff's third cause of action as is based upon the March 2009 settlement offer and the workplace violence and DOL complaints is dismissed with prejudice and (b) is otherwise denied, and plaintiff is granted leave to amend his third cause of action to assert additional retaliatory acts in accordance with the Report; (4) the branches of defendants' motion seeking dismissal of plaintiff's fourth, fifth and sixth causes of action are granted and plaintiff's fourth, fifth and sixth causes of action are dismissed with prejudice; and (5) defendants' motion is otherwise denied. Plaintiff must file any amended complaint in accordance with the Report and this Order **within thirty (30) days after this Order is served with notice of entry upon him**, or all of the claims dismissed by this Order will be deemed dismissed with prejudice.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 30, 2011
Central Islip, New York