```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────x
JAY GUSLER,

                    Plaintiff,

        − against −
                                              **MEMORANDUM & ORDER**
THE CITY OF LONG BEACH, and THE LONG          10−CV−2077 (PKC) (AKT)
BEACH VOLUNTEER FIRE DEPARTMENT,
CHARLES THEOFAN, individually and in his
official capacity,

                    Defendants.

───────────────────────────────────x
```
PAMELA K. CHEN, United States District Judge:

      Plaintiff Jay Gusler ("Plaintiff") commenced this action on May 12, 2010 asserting that the City of Long Beach, the Long Beach Volunteer Fire Department, and City of Long Beach City Manager Charles Theofan (collectively, "Defendants"), among others, violated his rights under the First Amendment and state law during his employment with Defendants as a firefighter. (Dkts. 1, 76; *see* Dkt. 88.) Defendants filed a Notice of Suggestion of Death on September 18, 2014, indicating that Charles Theofan ("Theofan") passed away on June 5, 2014. (Dkt. 89.) On December 16, 2014, Plaintiff filed the presently pending motion to substitute the "Estate of Charles Theofan" for Theofan as defendant to this action pursuant to Federal Rule of Procedure 25. (Dkt. 95.) Plaintiff alternatively requests that the Court appoint Theofan's surviving spouse, Gale Wernick ("Wernick"), as a representative of Theofan's estate for substitution purposes. (Dkts. 95−1 at 3; 106 at 3.)

      For the reasons set forth below, Plaintiff's motion for substitution is denied with leave to renew upon the appointment of a representative to Theofan's estate.

## DISCUSSION

Federal Rule of Civil Procedure 25 governs the substitution of a party in the event of a litigant's death. Rule 25 provides, in relevant part:

> (a) **Death.**
>
> (1) ***Substitution if the Claim Is Not Extinguished***. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> . . . .
>
> (d) **Public Officers; Death or Separation from Office**. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25 (emphasis in original).

Plaintiff alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983 against Theofan in his official and individual capacity as City Manager of the City of Long Beach. (Dkt. 76 at 1, ¶¶ 5, 11; *see* Dkt. 95−1 at 2.) Insofar as Plaintiff continues to assert claims against Theofan in his *official* capacity, the current City Manager is automatically substituted in this action in his official capacity pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 25(d)(1); *Phillip v. Schriro*, 12 CV 8349, 2014 WL 4184816, at *9 (S.D.N.Y. Aug. 22, 2014).

To substitute a party in place of Theofan individually pursuant to Rule 25(a), (1) the motion must be timely; (2) the claims must survive the decedent's death, and (3) the party sought to be substituted for the decedent must be a proper party. *English v. Murphy−Lattanzi*, 12 CV

419, 2015 WL 630248, at *2 (E.D.N.Y. Feb. 12, 2015) (quoting *Badalamenti v. Country Imported Car Corp.*, 10 CV 4993, 2012 WL 6061639, at *9 (E.D.N.Y. Dec. 5, 2012)); *see Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469 (2d Cir. 1998). The decision to grant or deny substitution is discretionary. *See Saylor v. Bastedo*, 623 F.2d 230, 236–237 (2d Cir.1980) (citing *Anderson v. Yungkau*, 329 U.S. 482, 485–486 (1947)). Defendants oppose Plaintiff's motion on the basis that Plaintiff has not identified a "proper party" for substitution. (Dkt. 105 at 2.)[1]

Under Rule 25, a proper party for substitution must be "either (1) a *successor* of the deceased party [—] a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a *representative* of the deceased party [—] a person lawfully designated by state authority to represent the deceased's estate." *Badalamenti*, 2012 WL 6061639, at *9 (quoting *Allen ex rel. Allen v. Devine*, 09 CV 668, 10 CV 1319, 2011 WL 5117619, at *4 (E.D.N.Y. Oct. 25, 2011)) (emphasis and added). New York law determines whether a person is a proper "successor" or "representative" of the decedent. *Garcia v. City of New York*, 08 CV 2152, 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009). "A 'successor' of the deceased party is a 'distributee' of the decedent's estate if the estate has been distributed at the time the motion for substitution is made." *Id.* In cases where the estate has not been distributed, New York law defines a "personal representative" as "a person who has received letters to administer the estate of a decedent." N.Y. Est. Powers & Trusts Law § 1-2.13;

---

[1] Defendants do not contest the timeliness of the substitution motion or that Plaintiff's claims survive the death of the decedent. (*See* Dkt. 105.) Plaintiff moved for substitution within 90 days of being served with the Notice of Suggestion of Death. (*See* Dkt. 95−1 at 1.) Additionally, "[a] section 1983 claim survives a defendant's death" under New York law. *Barrett v. United States*, 651 F. Supp. 604, 605−06 (S.D.N.Y. 1986) (citing cases and N.Y. Est. Powers & Trusts Law § 113.2); *see Barrett v. United States*, 689 F.2d 324, 331 (2d Cir. 1982) (a claim survives a litigant's death "if applicable state law creates a right of survival").

*see Allen ex rel. Allen*, 2011 WL 5117619, at *4 (noting that under New York law, "a 'representative' is usually the appointed administrator or executor of the decedent's estate").

Plaintiff acknowledges that his counsel was "unable to locate the proper party for substitution," despite searching Surrogate Court records in Nassau and Manhattan Counties. (Dkt. 95−1 at 3.) The Notice of Suggestion of Death did not indicate any successor or representative of Theofan's estate. (Dkt. 89.) Plaintiff's notice of motion thus seeks to substitute the "Estate of Charles Theofan" in place of defendant Theofan. (Dkt. 95.) This is insufficient, however, because "[t]he estate of a deceased party is not a proper party under Rule 25." *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (E.D.N.Y. 2012) (quoting *Springville–Griffith Inst. C. Sch. Dist. Bd. of Educ.*, 02 CV 765, 2005 WL 711886, at *5 (W.D.N.Y. Mar. 28, 2005)). "[B]efore a motion to substitute may be granted, a representative of [the] estate must be named as the proper party for substitution." *Smith v. Planas*, 151 F.R.D. 547, 549 (S.D.N.Y. 1993) (citing *Matter of Estate of Garfinkle*, 500 N.Y.S.2d 863, 865 (N.Y. App. Div. 1986)).

In the absence of any proof that a representative has been appointed to administer Theofan's estate or that the estate has been fully distributed to any successors, Plaintiff requests that the Court appoint Theofan's surviving spouse Wernick, as the representative of the estate, and substitute Wernick for Theofan as defendant. (Dkts. 95−1 at 3; 106 at 3.) Plaintiff attempts to provide support for this request by citing to New York State Appellate Division decisions finding that *state* Supreme Courts have the authority to appoint a temporary administrator for substitution to avoid delay and prejudice in a pending civil action. (Dkt. 95−1 at 3 (citing *Dieye v. Royal Blue Servs., Inc.*, 961 N.Y.S.2d 478 (N.Y. App. Div. 2013) and *Harding v. Noble Taxi Corp.*, 547 N.Y.S.2d 29 (N.Y. App. Div. 1989)). Plaintiff has not identified any authority, however, for the proposition that a *federal* court may properly interfere with state court probate

proceedings by appointing a temporary administrator of an estate for substitution purposes. To the contrary, when no representative has been appointed to administer an estate, federal courts have denied motions for substitution with leave to file a renewed motion following the appointment of a representative for the estate. *See Smith*, 151 F.R.D. at 549 (denying motion for substitution without prejudice to renewal upon appointment of a representative to administer decedent's estate); *see also Garcia*, 2009 WL 261365, at *1 (denying motion for substitution with leave to renew because there was no proof establishing that the proposed party for substitution was a representative or successor of decedent).[2]

As there is not yet a party to be substituted on behalf of Theofan, Plaintiff's motion is denied and dismissed without prejudice pending appointment of a representative of Theofan's estate who may properly defend against this action.[3] Upon Defendants' consent (Dkt. 105 at 3), Plaintiff is granted an extension of time under Federal Rule of Civil Procedure 6(b) to renew his motion after a representative is appointed. *See Unicorn Tales*, 138 F.3d at 470. Any renewed substitution motion must be filed within thirty days of the appointment of a representative, and should be supported by documentation that the proposed party for substitution is a lawfully designated representative.

---

[2] Moreover, New York Surrogate's Court Procedure Act expressly authorizes a party in litigation to petition for the appointment of an executor or administrator for the estate of a deceased adversary. *See* N.Y. Surr. Ct. Proc. Act Law §§ 1002 (1), 1402 (1)(c).

[3] The Court accordingly declines to address Defendants' arguments that the Court should exercise discretion to deny substitution as serving no purpose because (1) Theofan is indemnified by the City of Long Beach, and (2) on the merits, Theofan may be entitled to qualified immunity. (Dkt. 105 at 1, 3.)

## CONCLUSION

Plaintiff's motion for substitution is denied, without prejudice to refiling within thirty days of the appointment of a representative to defendant Theofan's estate.

SO ORDERED.

                                               /s/ Pamela K. Chen
                                               PAMELA K. CHEN
                                               United States District Judge

Dated: June 18, 2015
       Brooklyn, New York